IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**DANA HARRINGTON,**

        Plaintiff,

v.                                                          Case No.  17-cv-605

**THE LUTHERAN HOME ASSOCIATION,**

        Defendant.

## COMPLAINT

NOW COMES THE PLAINTIFF, Dana Harrington, by her attorneys, Gingras, Cates & Wachs by Paul A. Kinne, and hereby states the following as her complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1. This civil action is brought under the Americans with Disabilities Act, 42 U.S.C. sec. 12101 *et seq.* It is brought to redress the disability discrimination in the form of a failure to accommodate Harrington and her termination committed by the defendant.

### PARTIES

2. Dana Harrington (Harrington) is a citizen of the United States of America and of the state of Wisconsin who resides in the Western District of Wisconsin.

3. The Lutheran Home Association (Heritage Homes) is a nursing home located within the Western District of Wisconsin.

### JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 42 U.S.C. sec. 12101 *et seq.*, and pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This claim may be venued in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391, insofar as all of the parties live and/or conduct business in the Western District of Wisconsin, and the circumstances giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

6. At all times material to this complaint, Harrington has been disabled. Specifically, she suffers from a herniated disk that led to permanent nerve damage.

7. As a result of this impairment, she is substantially limited in her ability to work and lift.

8. Harrington began her employment with Heritage Homes in November, 2012. At all times relevant to this complaint, she worked for Heritage Homes as a Resident Assistant.

9. In May, 2015, Harrington experienced the herniated disk referred to earlier in this complaint.

10. She requested accommodations for her disability that Heritage Homes honored until January, 2016.

11. In January, 2016, Heritage Homes withdrew the accommodations offered to Harrington and refused to implement alternative, reasonable accommodations.

12. On or about June 30, 2016, Heritage Homes terminated Harrington.

13. Heritage Homes terminated Harrington because Harrington was disabled. Alternatively, Heritage Homes terminated Harrington because it perceived her to be disabled, or because she had a record of having a disability.

14. Harrington received her Right to Sue letter on June 19, 2017, a copy of which is attached hereto as Exhibit A.

## FIRST CAUSE OF ACTION AGAINST HERITAGE HOMES: DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

15. The plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

16. Reasonable accommodations existed that would have enabled Harrington to perform the essential functions of her job. However Heritage Homes refused to implement them. This failure to accommodate created a violation of the ADA.

17. This conduct caused Harrington severe emotional distress and suffering, along with economic harm.

### SECOND CAUSE OF ACTION AGAINST HERITAGE HOMES: DISABILTY DISCRIMINATION - TERMINATION

18. The plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

19. By terminating Harrington, Heritage Homes violated the ADA because it terminated her on account of her disability, as "disability" is defined under the ADA.

20. This termination has caused Harrington severe and permanent emotional distress and suffering, along with economic damage.

WHEREFORE, the plaintiff demands the following relief:

1. An award of compensatory damages that fully compensates Harrington for all her losses;

2. An appropriate award of punitive damages;

3. Equitable relief, including but not limited to an award of back pay and payment of Harrington's attorney fees and costs; and

4. Any other relief the Court deems just to grant.

### JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 3rd day of August, 2017.

**s/ Paul A. Kinne**
Attorney Paul A. Kinne
State Bar No. 1021493
Gingras, Cates & Wachs
8150 Excelsior Drive
Madison, WI 53717
Telephone: 608-833-2632
Fax: 608-833-2874
kinne@gcwlawyers.com